ANDEREGG, Executor, *v.* Ross.

The first item of the disposing part of the will in this case, was a bequest to the wife of the testator, of all his real estate, &c., personal estate, &c., and

Nov. Term,
1859.

·ANDEREGG
v.
Ross.

everything he had or owned at the time of his decease, for her life, she pay-
ing his debts, and a certain legacy. It was then provided that said legacy
should be paid by the wife, not by the executor. Other special legacies are
then provided for, to be paid after the death of the wife, out of such part of
the personal estate as might be in her hands at the time of her death; and
if the personal estate was not sufficient for that purpose, land was to be sold,
&c.; but no provision was made for a resort to the executor to obtain funds
for that purpose. Certain residuary legacies are then set forth, to be opera-
tive after the death of the wife. Then followed a provision that she should
use all the personal estate, and the rents and profits of the real estate, "or
so much thereof as she may require for her use and benefit;" but this is fol-
lowed immediately by this language—"and may and shall have the abso-
lute use of all my said real and personal estate, for and during the term of
her natural life, and no longer;" and then again the expression occurs, that
she "shall use, expend, and consume such parts of my personal estate, and
the rents, issues, and profits of my real estate, as she may require for her
own use and benefit." Then followed a clause declaring that his business
partnerships might be continued for the benefit of his wife as long as his
executors should think the interest of his estate might require it.

*Held*, that the will, as a whole, discloses that the testator intended to give his
wife the absolute control of his real and personal property, for her use, dur-
ing her life.

*Tuesday,*
*December* 13.

APPEAL from the *Dearborn* Court of Common Pleas.

HANNA, J.—On the 10th of *November*, 1853, *George
Ross* died, testate, leaving a widow, but no children. His
widow and *Anderegg*, the plaintiff, were by him named to
execute his will. Immediately after his death the will
was proved, and letters testamentary issued to the plaintiff
and defendant, both of whom qualified, &c., and acted
until *September*, 1855, when she was removed from the
trust, by order of the Court.

*Anderegg*, in his complaint, now charges, that notwith-
standing her removal, she has possession of the personal
property left by the decedent, and has received the rents
and profits arising from the real estate, &c., of deceased.
He asks that, except such real and personal property as
may be necessary to her habitation and convenience, and
such sum as may be annually necessary for her support,
the property, real and personal, and the profits arising
therefrom, may be ordered to be delivered to him, as such
executor, for the use and benefit of the estate, and ulti-
mately for the residuary legatees of said decedent. This
application the defendant resists, on the ground that, by

the last will and testament of her husband, she is, during her life, entitled to the absolute possession and control of the property, real and personal, of her said husband, and to the rents and profits issuing out of, or arising therefrom.

The question depends upon the construction which may be given to the will of the deceased, as each party claims through that. The parts of that instrument. necessary to the elucidation of this point are as follows:

"*First.* I give and devise to my beloved wife, *Margaretha Ross*, in lieu of her dower (and in place of any and all provisions of law now made, or hereafter to be made, giving to her any interest in my estate), all of my real estate, lands, and tenements for and during her natural life; and I also give and devise to my said wife, *Margaretha*, all of my personal estate, stock, household goods, furniture, choses in action, and everything that I have or own at the time of my decease, during her natural life, as aforesaid; she paying all my just debts and the legacy hereinafter named to *Rosina Ross*. I give and bequeath to *Rosina Ross*, daughter of *John Ross* (now living with me), 1,000 dollars, to be paid to her by my said wife when she, said *Rosina*, shall arrive at the age of twenty-one years: provided, however, that my said wife may pay over to said *Rosina*, said sum, or any part thereof, at any time she may think it best so to do, before she (said *Rosina*) arrives at the age of twenty-one years.

"At the death of my wife, I give and bequeath," &c. [Here follows three bequests of 500 dollars each, after which this language occurs :]  "I direct that the foregoing legacies and bequests be paid out of such parts of my said personal estate, or the proceeds thereof, as may be in the hands of my said wife at the time of her death; and if said personal estate be not sufficient to pay the same, that the same be paid by the sale of a quantity of my real estate sufficient for that purpose. I further give and devise, at the death of my said wife, all of the residue of my said real estate (that is to say, all of my real estate), and all of my said personal estate, and the proceeds thereof,

Nov. Term,
1859.

ANDEREGG
v.
ROSS.

which may remain unconsumed and unexpended in my said wife's hands, excepting so much thereof as may be necessary to pay the foregoing legacies or bequests to the children," &c. [Here occurs the residuary bequests, and then follows this language:] "That is to say, at the death of my said wife, I devise and bequeath all of my real and personal estate which may not have been expended or consumed by my said wife, and which may not have been taken or used in payment of said legacies or bequests, to such of the children," &c. [Again the residuary legatees are designated, and the will then proceeds:] "I further will and devise that my wife shall and may use any and all of my personal estate, and the rents and profits of my real estate, or as much thereof as she may require, for her own use and benefit, and may and shall have the absolute use and control of all my said real and personal estate for and during the term of her natural life, and no longer; she (my said wife) having the right to use, expend, and consume such parts and portions of my said personal estate, and the rents, issues, and profits of my real estate, as she may need or require for her own use and benefit. And whereas I am now connected in business with other persons in partnership in a mill and distillery, and a malt-house, in said *Dearborn* county; and which business could not be suddenly closed without disadvantage, I hereby authorize and empower my executors, for and in behalf of my said wife, to continue with my said partners and carry on and transact the same business in connection with my said partners, as long after my decease as they, my said executors, may think the interest of my estate may require," &c.

The proper mode of arriving at the intention of the testator, is to view all the parts of the will in connection. It will not do to select any single paragraph of a will, of the character of the one under consideration, and from that single paragraph undertake to give a construction in conflict with other parts. All parts which have the appearance of conflict, or contradiction, should be reconciled if possible. In other words, we should seek to know the

intention of the testator, and carry that out, if it can be
ascertained from the whole instrument.

In the case at bar, the first item of the disposing part of
the will, is a bequest to the wife of the testator, of all his
real estate, lands, and tenements, personal estate, stock,
household goods, furniture, choses in action, and everything
he had or owned at the time of his decease, for and dur-
ing her natural life; "she paying all my just debts and the
legacy hereinafter named, to *Rosina Ross.*" It is then pro-
vided that said legacy should be paid by the said wife—
not by the executors.   Other special legacies are then pro-
vided for, to be paid after the death of the said defendant
"out of such parts of my personal estate, or the proceeds
thereof, as may be in the hands of my said wife at the
time of her death."   It is further provided that if said per-
sonal property is not sufficient for that purpose, lands shall
be sold, &c.; but no provision is made for a resort to the
executors to obtain funds for that purpose, and, therefore,
the inference is just, that the testator did not intend that
funds to any great amount should pass into the hands of
the executors.   Certain residuary legacies are then set
forth; said bequests to be operative, as before, after the
death of the wife; then follow the provisions which, it is
insisted, limit the rights of the wife to the use of such
property, and the reception of such sums only, as may be
necessary to her reasonable and comfortable maintenance,
namely, that she should use all the personal estate and the
rents and profits of the real estate, "or so much thereof as
she may require for her use and benefit;" but this is fol-
lowed immediately by this language, "and may and shall
have the absolute use and control of all my said real and
personal estate for and during the term of her natural life,
and no longer;" and then again the expression occurs that
she "shall use, expend, and consume such parts of my per-
sonal estate, and the rents, issues, and profits of my real
estate as she may require for her own use and benefit."
Then follows a clause declaring that the business partner-
ships which he then had, might be continued for the bene-

Nov. Term,
1859.

fit of his wife, as long as his executors might think the interest of his estate might require.

Now, although there are two or three expressions in the will which would, if taken alone, appear to indicate that it was the intention of the testator that his wife should not receive and control any more of the profits, &c., arising from his said property, than might be necessary to her comfort and support, yet, when viewed altogether, we are clearly of opinion the whole will discloses that the testator intended to clothe his wife with the absolute control of his real and personal property, for her use, during her life—perhaps that control would be confined to that purpose—this we need not decide. The payment of the debts, of the amount of which we are not informed, and the legacy of 1,000 dollars, having been devolved upon the wife, without doubt it was the intention of the testator to place the means within her reach to accomplish that purpose.

*Per Curiam.*—The judgment is affirmed with costs.

*W. S. Holman, T. Gazlay,* and *J. Schwartz,* for the appellant.